No. 19,185.

THE STATE OF KANSAS, *Appellee*, v. LEE WALLACE et al.
(LEE WALLACE, *Appellant*).

### SYLLABUS BY THE COURT.

INTOXICATING LIQUORS.—*Conviction—No Error in the Record.*
The record in a conviction for the sale of liquor examined,
and held to show no error.

Appeal from Bourbon district court; CHARLES E.
HULETT, judge. Opinion filed May 9, 1914. Affirmed.

*H. A. Pritchard,* and *C. B. Griffith,* both of Fort
Scott, for the appellant.

*John S. Dawson,* attorney-general, and *W. F. Jack-
son,* county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: Lee Wallace was convicted of the sale
of intoxicating liquors, and appeals.

When the case was called for trial the county at-
torney was allowed to endorse upon the information
the names of a number of additional witnesses, in-
cluding that of the witness upon whose evidence the
conviction was had. The defendant complains of this
ruling, but it was within the discretion of the court.
The application for leave to endorse the names had
been made two days before; no continuance was asked
on account of it, and it does not appear that any preju-
dice resulted.

The witness referred to testified that at a certain
time he had bought whisky of the defendant. The de-
fendant did not testify. A motion for a new trial was
filed on the ground that two witnesses had subsequently
been discovered who would testify that at the time
designated they had heard the witness referred to ask
the defendant for some whisky and had heard the de-

fendant tell him he had none. We do not think the affidavits to this effect required the granting of a new trial.

A new trial was also asked upon the ground that during the deliberations of the jurors one of them had said: "How are we going to square ourselves with the people in the face of so many witnesses, if we don't convict?" This is not such misconduct as to require a reversal.

On the hearing of the motion for a new trial the county attorney, on request of the court, filed an affidavit stating that at the time he filed the information he had knowledge of the sale upon which the defendant was convicted. Whatever bearing the fact may have had upon the matter under consideration, there was nothing improper or prejudicial in its thus being made of record.

The judgment is affirmed.